UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS WARD, #241654,   Case No. 15-14055
                        Hon. Judith E. Levy
        Petitioner,      Mag. Judge R. Steven Whalen

v.

PAUL KLEE,

        Respondent.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.  Introduction

Michigan prisoner Curtis Ward ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state criminal proceedings.  In 1995, petitioner was convicted of first-degree murder and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Court and was sentenced to consecutive terms of life imprisonment without parole and two years for the firearm offence.  *See* Offender Profile, Michigan Department of Corrections Offender Tracking

Information System, http://mdocweb.state.mi.us/OTIS2/ otis2profile.aspx?mdocNumber=241654 (last visited April 27, 2016).

Petitioner asserts in his petition that it was impossible for him to commit the crime because he was residing in a homeless shelter. (Dkt. 1.) Petitioner, however, does not reference his convictions, state any federal habeas claims, or set forth with any specificity the facts or legal theories underlying his request for habeas relief. (*Id.*)

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*; *Allen v. Perini,* 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations which are incredible or false. *Carson v. Burke,* 178 F.3d 434, 436-37 (6th Cir. 1999).

After undertaking such review, the Court concludes that the habeas petition must be dismissed. The Court also concludes that a certificate of appealability and leave to proceed *in forma pauperis* on appeal must be denied.

## II. DISCUSSION

Pleadings filed by prisoners who are unrepresented by legal counsel are liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, even a pro se prisoner's habeas petition must set forth a claim upon which federal habeas relief may be granted. *See* Fed. R. Civ. P. 8 (providing that a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief"). Petitioner fails to do so in his pleadings. His habeas petition specific factual allegations and states no legal basis for relief from his conviction and confinement. Such unsupported, conclusory allegations are insufficient to warrant federal habeas relief. *See Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations are insufficient to

warrant an evidentiary hearing on habeas review). The petition is thus subject to dismissal for failure to state a habeas claim.

Additionally, even if the Court were to find that Petitioner states a habeas claim in his pleadings, his petition is still subject to dismissal. state prisoner filing a habeas petition under 28 U.S.C. §2254 must first exhaust available state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The claims must be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). For a Michigan prisoner, issue must be raised before the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citing *Hafley v.*

*Sowders*, 902 F.2d 480, 483 (6th Cir. 1990)). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a prisoner must exhaust available state court remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987); *Wagner*, 581 F.3d at 415 (citing *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)). The burden is on the prisoner to prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In this case, Petitioner neither alleges nor establishes that he properly exhausted his habeas claim(s) in the Michigan courts before proceeding on federal habeas review. Consequently, his habeas petition is also subject to dismissal based upon the failure to exhaust state court remedies.

## III. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the Court concludes that reasonable jurists would not debate the conclusion that petition fails to state a claim upon which habeas corpus relief should be granted.

## IV. CONCLUSION

For the above reasons, petitioner fails to state a claim upon which relief may be granted in his petition. Alternatively, he has failed to establish that he exhausted available state court remedies before seeking federal habeas review. The Court shall therefore dismiss the petition. This dismissal is without prejudice to petitioner filing a new habeas petition, which meets the pleading standards for setting forth his habeas claim(s) following the exhaustion of available state court

remedies. The Court expresses no opinion as to the timeliness of such a petition or the merits of any claims.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed *in forma pauperis* on appeal are **DENIED**.

IT IS SO ORDERED.

Dated: May 2, 2016  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 2, 2016.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager